# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

CLARENCE ANDERSON                                                               PLAINTIFF

V.                                   No. 3:22-CV-160-BRW-JTR

DAVISON, Police Officer,
Trumann Police Department;
TYLER ROBINSON, Police Officer,
Trumann Police Department;
CAGEL, Sergeant, Trumann
Police Department; and
RON HUNTER, District
Judge, Poinsett County                                                          DEFENDANTS

## ORDER

On July 1, 2022, Plaintiff Clarence Anderson ("Anderson"), an inmate incarcerated in the Poinsett County Detention Center, filed a *pro se* § 1983 Complaint against three Trumann Police Department officers and Poinsett County District Judge Ron Hunter. *Doc. 2*. However, before Anderson can proceed with this action, the Court must screen his claims.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[N]aked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

Here, Anderson does not explain how Judge Hunter or the named Trumann police officers violated his constitutional rights.[2] Instead, Anderson raises the following *vague* allegations regarding his incarceration in the Poinsett County Detention Center: (1) on June 15, 2022, he was served food on an unclean food tray; (2) from June 13 to June 15, 2022, he was incarcerated in a cell with only a mattress and was not allowed to shower or brush his teeth; and (3) on June 28, 2022, "Officer CJ gave [him] the wrong medication." *Doc. 2 at 3*.

In light of the of the noted deficiencies in Anderson's Complaint, the Court will give him 30 days, from the date of this Order, to file an Amended Complaint

---

[2] The doctrine of judicial immunity also likely bars Anderson from bringing any claims against District Judge Ron Hunter. *Justice Network Inc. v. Craighead County*, 931 F.3d 753, 759–62 (8th Cir. 2019). Although there are *narrow* exceptions to judicial immunity, Anderson does not allege *any* facts involving Judge Hunter, let alone facts that indicate any exception applies.

that names as Defendants the person or persons *in the Poinsett County Detention Center* who allegedly violated his constitutional rights and provides: (1) *how* each Defendant *personally participated* in violating his constitutional rights; (2) *what constitutional right* he believes each Defendant violated; and (3) how he *was harmed* by each of the alleged constitutional violations.

If Anderson elects not to file an Amended Complaint providing the additional information requested in this Order, the Court will proceed to screen his Complaint. *Anderson is placed on notice that, if he elects to stand on the allegations in his Complaint, the Court is likely, in screening that pleading, to conclude it should be dismissed, without prejudice, for failing to state a claim for relief.*

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Anderson a new § 1983 complaint form labeled "Amended Complaint."

2. Anderson will be allowed to file, **within thirty (30) days of the date of this Order,** an Amended Complaint that complies with the directions in this Order. If he does not timely and properly do so, the Court will screen his Complaint, which will likely result in a recommendation that some or all of his claims may be dismissed.

IT IS SO ORDERED this 13th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

3