FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 6 2023

TAMMY H. DOWNS, CLERK
By: _____
                      DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CLARENCE ANDERSON                                                        PLAINTIFF

V.                         No. 3:22-CV-160-BRW-JTR

DAVISON, Police Officer,
Trumann Police Department;
TYLER ROBINSON, Police Officer,
Trumann Police Department;
CAGEL, Sergeant, Trumann
Police Department; and
RON HUNTER, District
Judge, Poinsett County                                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.    Introduction

On July 1, 2022, Plaintiff Clarence Anderson ("Anderson"), an inmate incarcerated in the Poinsett County Detention Center ("PCDC"), filed a *pro se*

§ 1983 Complaint against three Trumann Police Department officers and Poinsett County District Judge Ron Hunter. *Doc. 2*. Before Anderson can proceed with this action, the Court must screen his claims.[1]

## II. Discussion

To survive § 1915A screening, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[N]aked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

Anderson alleges that, while incarcerated in PCDC, he was: (1) served food on an unclean food tray; (2) incarcerated in a cell with only a mattress and was not allowed to shower or brush his teeth; and (3) given the wrong medication on one occasion. *Doc. 2 at 3*. Anderson does not explain how the Trumann police officers,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Officer Davison, Officer Tyler Robinson, and Sergeant Cagel, or Judge Hunter were *personally involved* in the alleged unconstitutional conditions he experienced *in the PCDC*.

Although the alleged conditions in PCDC *may* be sufficient to state a constitutional claim, Anderson does not *clearly* identify any person personally involved in the events in his Complaint. The only person named in the narrative of the Complaint is "Officer CJ," who allegedly gave him the wrong medication on one occasion. Without further factual enhancement or identifying information for "Officer CJ," those allegations fail to state a claim for relief.[2]

### III. Conclusion

For the foregoing reasons, Anderson's Complaint fails to contain sufficient factual matter to state a viable § 1983 claim against the named Defendants and should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1.   Anderson's Complaint (*Doc. 2*) be DISMISSED, without prejudice.

---

[2] In an October 13, 2022 Order, the Court identified the deficiencies in Anderson's Complaint and provided him the opportunity to file an Amended Complaint. *Doc. 7*. The Order warned Anderson that if he failed to file an Amended Complaint, the Court was likely to conclude his Complaint should be dismissed, without prejudice, for failure to state a claim for relief. *Id.* at 3. Anderson did not respond to the Court's Order and the time to do so has passed. *Id.*

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 16ᵗʰ day of May, 2023.

                                                   UNITED STATES MAGISTRATE JUDGE